The majority affirms, based on McAfee v. Baptist MedicalCenter, 641 So.2d 265 (Ala. 1994), in which Justice Kennedy and I dissented. In McAfee, Justice Kennedy dissented, expressing his view that the plaintiff *Page 1376 
had presented substantial evidence creating a genuine issue of material fact and that the case should have been submitted to a jury. I concurred in Justice Kennedy's dissent. The majority in this case, as in McAfee, discusses whether Alabama should abandon its traditional rules of proximate cause and recognize the "loss of chance doctrine." However, the "loss of chance doctrine" is inapplicable in this case. As noted by the majority, the rule in medical malpractice cases is that there must be more than the mere possibility that the alleged negligence caused the injury; rather, there must be evidence that the negligence complained of probably caused the injury.Parker v. Collins, 605 So.2d 824 (Ala. 1992); Byrd v. Martin,548 So.2d 442 (Ala. 1989).
In this case, the majority states that the testimony of the Williamses' expert witness, Dr. Browne, did not constitute substantial evidence that Spring Hill probably caused Phtruda Williams any injury or that earlier steroid intervention probably would have made any difference in the outcome or probably would have made any difference at all in Mrs. Williams's condition. They rely on the deposition testimony of Dr. Browne. He testified that even if steroid therapy had been administered to Mrs. Williams at an earlier time, there was only a possibility that it would have made any difference in the outcome:
 "But I'm saying that there is reasonable probability that if the deficit was incomplete in the postoperative period and then went on to completion, that some or all of the progression may have been prevented with steroids."
(Emphasis supplied by majority opinion.)
The majority opinion places emphasis on the words "may have been prevented." Based on these words, the majority concludes that the Williamses failed to present substantial evidence that the alleged negligence of Spring Hill "probably caused the injury." Therefore, the majority affirms the summary judgment in favor of Spring Hill. However, Dr. Browne clarified his response in an affidavit submitted in response to the motion for summary judgment. Alabama law requires that expert testimony be viewed as a whole rather than separately from the balance of the testimony. Hines v. Armbrester, 477 So.2d 302
(Ala. 1985). Dr. Browne stated in his affidavit that the probability is that steroids would have made a difference in the outcome of Mrs. Williams's case. Further, Dr. Browne stated that the negligence of the Spring Hill nurses in failing to provide pivotal pieces of information made it difficult to assess the effectiveness of steroids in Mrs. Williams's case. Dr. Browne's opinion is that if the nurses had adequately recorded Mrs. Williams's neurological condition, the use of steroids would have been instituted earlier and the likelihood of success with the use of them would probably have been greater. Based on his opinion taken in its entirety, one could conclude that the steroids "would probably" have helped Mrs. Williams had they been administered earlier.
However, the analysis does not stop with the determination of whether Spring Hill probably caused the injury complained of.Parker requires evidence that prompt diagnosis and treatment would have placed the patient in a better position than she was in as a result of inferior medical care. Further, Mrs. Williams must produce evidence to show that her condition was adversely affected by the alleged negligence.
The deposition testimony and the affidavit of the Williamses' expert witness, Dr. Browne, when taken as a whole, clearly state that Mrs. Williams would have been in a better position had the Spring Hill nurses' medical care not been substandard and that Mrs. Williams was adversely affected by Spring Hill's acts or omissions. I would hold that the Williamses presented substantial evidence creating a genuine issue of material fact. Rule 56(c), Ala.R.Civ.P. Therefore, I would reverse the judgment and remand the case for a trial on the merits. *Page 1377